UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-10656 |
| | : | CHAPTER 11 |
| TIMOTHY J. SEIVERS, DEBTOR | : | |
| | : | |
| TIMOTHY J. SEIVERS AND KAREN L. SEIVERS, Plaintiffs | : | ADVERSARY NO. 05-1110 |
| | : | |
| vs. | : | |
| DAVID R. SARGENT, Defendant | : | |

APPEARANCES:

ROBERT L. POTTER, ESQ., HARRY F. KUNSELMAN, ESQ. AND JOSHUA M. FARBER, ESQ., PITTSBURGH, PA, SPECIAL COUNSEL FOR TIMOTHY J. SEIVERS AND KAREN L. SEIVERS
ROBERT O. LAMPL, ESQ., PITTSBURGH, PA, ATTORNEY FOR KAREN L. SEIVERS
DONALD R. CALAIARO, ESQ., PITTSBURGH, PA, ATTORNEY FOR TIMOTHY J. SEIVERS
DAVID L. HABER, ESQ. AND AMY J. COCO, ESQ., PITTSBURGH, PA, ATTORNEY FOR DAVID R. SARGENT

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

OCTOBER     26    , 2006

RECOMMENDATION TO DISTRICT COURT

Introduction

Timothy J. Seivers ("Mr. Seivers") filed a voluntary Petition under Chapter 11 of the Bankruptcy Code on March 7, 2005. His wife, Karen L. Seivers ("Mrs. Seivers") or (Mr. Seivers and Mrs. Seivers collectively "the Seivers" or "Plaintiffs") is not a debtor in the bankruptcy case. The Seivers assert that they are the sole owners of the outstanding stock of Seivers Enterprises, Inc. ("SEI"). SEI is a Chapter 7 Debtor in a separate case at Bankruptcy No. 04-10477.

The within Adversary Proceeding brought by the Seivers is a legal malpractice action

1

against David R. Sargent ("Sargent"), an attorney.  On May 24, 2006, the Seivers filed a Second Amended Complaint.  This legal malpractice claim is similar to the one filed by the Chapter 7 Trustee of SEI against Sargent at Bankruptcy No. 04-10477, Adversary No. 06-1073.  Presently before the Court is Defendant Sargent's MOTION TO DISMISS/MOTION TO STRIKE the Second Amended Complaint ("Motion").

Undisputed Factual Background

SEI was in the business, among other things, of setting up kiosks in shopping malls during the Christmas holiday season.  This business of SEI was sometimes referred to as "the retail kiosk business" or as "Homespun Country Stores."  Two of the primary types of seasonal or novelty items sold by SEI were picture frames and candles.[1]

The principal supplier of the picture frames to SEI was Pennsylvania Country Framers, a business owned by Martin and Laurel Doody.  In February, 2003, Robert A. O'Conner, LLC ("O'Conner") purchased the picture frame business of Pennsylvania Country Framers.  As part of the sale, SEI executed a minimum annual purchase agreement in which it agreed to purchase a minimum of $350,000 of picture frames from O'Conner in each of the three years following such acquisition.

The principal supplier of the candles to SEI was the Wolfcreek Candle Company, a sole proprietorship operated by Jerrod E. Seivers, the adult son of the Seivers.  In March, 2003, O'Conner purchased the candle business of Wolfcreek Candle Company.  As part of the sale, SEI executed a minimum annual purchase agreement in which it agreed to purchase a minimum

---

[1] The Defendant refers to the picture frames as framed art prints.

2

of $175,000 of candles from O'Conner in each of the three years following such acquisition.

In April, 2003, Martin and Laurel Doody finalized terms for the purchase of Homespun Country Stores from SEI. The Seivers assert that Sargent represented the Seivers, SEI and the buyers, Martin and Laurel Doody, who were purchasing the business through Specialty Retail Ventures ("SRV"), a corporation formed by Martin and Laurel Doody.

As part of the sale of Homespun Country Stores by SEI to SRV, the obligations of SEI under the two minimum annual purchase agreements, which arose at the time of the O'Conner purchase of Wolfcreek Candle Company and Pennsylvania Country Framers, were assigned to SRV. SEI did not obtain a release of liability and continued to be liable on both of the minimum purchase agreements.

SRV was not financially successful and failed to satisfy the purchase requirements under the two minimum annual purchase agreements. O'Conner sued, among others, SEI for breach of the minimum purchase agreements. An involuntary bankruptcy case was filed against SEI.

SEI was also unable to fulfill its obligation on a $1.5 million dollar credit agreement with Sky Bank. Sky Bank then made demands on the Seivers to repay Sky Bank as personal guarantors on the loan to SEI. Mr. Seivers then filed the within bankruptcy case, Bankruptcy No. 05-10656.

Plaintiffs' Assertions

The Amended Complaint filed by Seivers is a one count Complaint against Sargent for legal malpractice. The Amended Complaint alleges damages arising from the negligence of Sargent in failing to obtain a release of all liability of SEI on the two minimum annual purchase contracts when SEI sold Homespun Country Stores to SRV.

Plaintiffs assert in ¶64 of the Amended Complaint that:

64. The negligence of Defendant Sargent, as set forth above, proximately caused the following harm to Plaintiffs Timothy J. Seivers and to Karen L. Seivers, his clients:

(a) Seivers Enterprises, their corporation, was placed in a position, without its knowledge and consent, of being a guarantor of Specialty Retail Ventures' compliance with the two minimum annual purchase agreements and of its ability to pay for inventory it had ordered;

(b) Seivers Enterprises was sued in the Court of Common Pleas of Mercer County, Pennsylvania for a debt that was not related to its business activities and on a liability that existed only because of the negligence of Attorney Sargent;

(c) Seivers Enterprises was placed into an involuntary bankruptcy and forced into a liquidation proceeding by the conduct of its own attorney, who was relying on a liability that it had been his duty, as attorney for Seivers Enterprises, to cause to be released;

(d) Seivers Enterprises was.  Forced (sic) into liquidation, was unable to pay salaries to its corporate officers and employees, including Plaintiffs Timothy J. Seivers and Karen L. Seivers.

(e) Seivers Enterprises was caused to be unable to pay its lawful debts, to conduct a business, and was destroyed in the bankruptcy proceeding initiated by its own former attorney.  Seivers Enterprises, forced into a liquidation bankruptcy, defaulted on a written debt to Sky Bank of more than $1,000,000, a debt which was personally guaranteed by Plaintiffs Timothy J. Seivers and Karen L. Seivers, shareholders of Seivers Enterprises;

(f) Sky Bank then made financial demands on Timothy J. Seivers and Karen L. Seivers which they were not able to meet under their guaranty of the $1.5 million revolving credit agreement between Sky Bank and Seivers Enterprises.  Sky Bank then confessed judgment against Timothy J. Seivers and Karen L. Seivers in the amount of $1,486,584.52 in the Court of Common Pleas of Mercer County, Pennsylvania at GD No. 2004-2932;

(g) Plaintiff Timothy J. Seivers was forced to file a Chapter 11 voluntary bankruptcy proceeding;

(h) The credit and business reputation of the Plaintiffs Timothy J. Seivers and Karen L. Seivers have been effectively destroyed in the Mercer County, Pennsylvania community in which they had long lived and had conducted

4

business.

    (i) Plaintiffs Timothy J. Seivers and Karen L. Seivers have suffered great emotional distress and suffering as a result of the conduct of their attorney, David Sargent, as described above.

It is not alleged that either Mr. Seivers or Mrs. Seivers was a party to either of the two minimum annual purchase agreements in question.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, §157(a). The allegations of the Complaint for legal malpractice all arise from services provided by the Defendant prior to the filing of the bankruptcy case and raise issues that constitute non-core proceedings which are related to a case under Title 11. See Beard v. Braunstein, 914 F.2d 434 (3d Cir. 1990); In re Zinchiak, 406 F.3d 214, 275-76 (3d Cir. 2005). Accordingly, we are required to "submit proposed findings of fact and conclusions of law to the district court and any final order of judgment shall be entered by the district judge" after considering the Bankruptcy Court's recommendation and reviewing de novo those matters to which any party has timely and specifically objected. 28 U.S.C. §157(c)(1).

## Standard for Motion to Dismiss

Fed.R.Civ.P. 12 ("Rule 12") is incorporated into the Federal Rules of Bankruptcy Procedure by operation of Fed.R.Bankr.P.7012. In evaluating a motion to dismiss pursuant to Rule 12(b)(6) and Fed.R.Bankr.P.7012(b)(6), the court must assume the facts alleged in the Complaint to be true and draw all factual inferences in favor of the nonmoving party, which in

this case is the Seivers.  In re Loranger Mfg. Corp., 324 B.R. 575, 577-78 (Bankr. W.D.Pa.2005) citing Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  In order for a motion to dismiss to be successful, it must be clear that no relief could be granted to the plaintiff under any set of facts that could be proved consistent with the allegations in the complaint, Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004) citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Discussion

The parties dispute whether the Seivers were parties to the transaction between SEI and SRV and whether the Seivers were represented individually by Sargent.  For purposes of this Motion, we will assume that Sargent also represented the Seivers individually in the transaction.

It is well established that a shareholder of a corporation has no individual right of action against third persons for damages that result directly from injuries to the corporation.  Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F3d 340, 348 (3d Cir. 2001); Kaplan v. First Options of Chicago, Inc., 143 F.3d 807, 811-12 (3d Cir. 1998).

The damages enumerated in the Second Amended Complaint are dependent on injuries sustained by SEI.  "It is generally accepted that guarantors of a corporation's debt, even if those guarantors are also shareholders, do not have standing to bring an action if the only harm suffered is derivative of the harm the corporation suffered."  Temp-Way Corp. v. Continental Bank, 139 BR 299, 316-17 (ED PA 1992) aff'd 981 F2d 1248 (3d Cir. 1992).  "[O]ne who pays a personally guaranteed debt has not suffered an injury separate and distinct from that of the corporation because he is 'made whole if the corporation recovers; and so the rule has the

salutary effect of preventing the double counting of damages.'" Barger v. McCoy Hilliard & Parks, 120 N.C. App. 326, 334, 462 S.E. 2d 252, 258 reh'g in part, 122 N.C. App. 391, 469 S.E. 2d 593, aff'd 346 N.C. 650, 488 S.E.2d 215 (1997) quoting Taha v. Engstrand, 987 F2d 505, 507 (8th Cir. 1993).

The losses which the Seivers assert arise from and are merely consequential to the losses, if any, suffered by SEI. Accordingly, the Plaintiffs fail to state a claim for which relief can be granted.

### Recommendation

It is recommended that the District Court enter an Order dismissing the Plaintiffs' Second Amended Complaint.

```
             /s/
      Warren W. Bentz
      United States Bankruptcy Judge
```

c: U.S. District Court for the Western District of PA
Robert L. Potter, Esq.
Harry F. Kunselman, Esq.
Joshua M. Farber, Esq.
Robert O. Lampl, Esq.
Donald R. Calaiaro, Esq.
David L. Haber, Esq.